UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LLOYD CARR** | **CIVIL ACTION NO. 06-2137-P** |
| **VERSUS** | **JUDGE HICKS** |
| **CADDO PARISH SHERIFF DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Lloyd Carr ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 7, 2006. He names the Caddo Parish Sheriff Department, the Caddo Parish Jail, Lt. Law, Sgt. Abney, Lt. Bradford, Deputy Bedfore, the Caddo Correctional Center medical staff, the Caddo Parish District Attorney, Sgt. Carter, Deputy Causely, Craig Coleman, Deputy Cope, Judge Scott Crichton, Sgt. Dinkins, Kevin Douglas, Lt. Draper, Deputy Duke, Deputy Garves, Mark Gay, Rodrick Hall, Deputy Hardman, Deputy Harrington, Kevin Harris, Jerry Kircus, Bedford Marcus, John May, Deputy Montoya, Judge John Mosely, Billy Nunnery, Steve Prator, Deputy Price, Sgt. Reed, Deputy Riveria, Eddie Thomas, Kammi R. Whatley, Michael Wilson and Robert Wyche as defendants.

On June 12, 2007, this Court ordered Plaintiff to file, within 30 days of the service of the order, a copy of all steps taken in the Administrative Remedy Procedure and responses to said ARPs and an amended complaint.  However, that order was returned to this Court on June 20, 2007, by the United States Postal Service marked "RETURN TO SENDER - GONE."  To date, Plaintiff has not informed this Court of his new address.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket.  See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 24th day of July 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE